Jones, J.,
delivered the opinion of the Court.
This was an action, originally brought by the plaintiff in error, against the defendant, as Sheriff of Cape Girardeau c.ounty, for wrongfully suffering one Hawkins, committed to his custody by virtue of an execution, at the suit of the plaintiff, to escape. Judgment was rendered by the Justice against the defendant, $30 debt, with costs. Whereupon, the defendant appealed to the Circuit Court, who, on his motion, gave judgment for the defendant, on the ground, that a Justice of the Peace had not jurisdiction of the case; to reverse which, this writ of error has been brought. Several errors have been assigned, but the only one material to be decided, is, whether a Justice of the Peace could take cognizance of this kind of action. By the act of 23d December, 1818, Justices of the Peace have jurisdiction of all actions of trespass, and other actions brought to recover damages, for injuries done to the person or property of any person, where the sum demanded does net exceed $50, *194 except in cases where the title to land is concerned. The words of this statute are very comprehensive, and necessarily include all actions of every description whatever, except as therein excepted, which any person can have against another, for every species of injury. The plaintiff' had an interest in the person committed, in execution to the Sheriff, as a pledge or security for the payment of the debt due him by the execution ; and the Sheriff, by permitting him to escape, diminished, if not defeated, the security which the law gave him. This was an injury to the plaintiff for which he was entitled to his action against the Sheriff"; and this action he could not, in our opinion, have brought in the Circuit Court, nor any otherwise than before a Justice of the Peace. The judgment of the Circuit Court is reversed, and the cause must be sent back to that Court, with instructions for that Court to reinstate the cause on the docket, and proceed thereon to trial and judgment, according to law. And let the defendant in error recover his costs in prosecuting his writ of error.